## In re Borough of Wyomissing Hills

*David Sharman, Jr.,* and *Harry R. Matten,* for appellants.

*Russell H. Yoder* and *J. Wendell Coblentz, George Balmer,* for respondents.

HESS, J., December 30, 1946:—This proceeding concerns appeals filed by the School District of Spring Township and by the Township of Spring from an ordi-

nance of the Borough of Wyomissing Hills providing for the annexation of land adjacent to the present boundaries of the borough. A hearing was held and the case argued before the court en banc.

As provided by law, Wyomissing Manor Development Company, the owner of the land here involved, petitioned the borough authorities of Wyomissing Hills to institute the annexation proceedings. On July 1, 1946, the borough council adopted the ordinance annexing 18 acres 42.39 perches of land adjacent to the southeastern boundaries of the borough. These appeals followed.

The school district contends that the annexation would work an extreme hardship on the district. At present the borough school district has school facilities for students to complete third grade and for further education most of the students from the borough are entered in the township schools, the borough school district paying tuition to the township school district. It is contended that the tuition paid does not adequately compensate the township district and that, should the annexed area be developed, the taking of future students from that territory would place an additional burden upon the township district. Likewise, it is argued that to deprive the township district of the tax revenues from the land concerned in these proceedings at a time when that land is about to be developed will deprive the township district of revenue and necessitate an increase in the millage or require a decrease in educational facilities and services.

We are of the opinion these contentions are without merit. It does not appear that the township district must accept children from the borough in its schools. The record shows that some of the children living in the borough now attend schools in other districts and no doubt will continue to do so until the borough school district secures adequate facilities. As to the loss of

revenue, it would appear that the annual tax revenue of the township district from property presently approximates $100,000. The present annual school tax revenue from the land proposed to be annexed is $99. While this loss would be exceedingly small in comparison to the total tax revenue from real property, it is argued that since the land is about to be developed, future revenue would be much larger. This contention is not sustained since it is apparent that the land will not be developed at the present time unless it is annexed to the borough.

The township complains, likewise, of being deprived of future revenue when the land is developed. This contention fails for the same reason that the similar contention of the township school district is unavailing. The township also complains that previous annexations have left the township with the duty of maintaining small islands of land completely surrounded by territory taken in by various boroughs. While such situations, as brought about in the past, are unfortunate, the present annexation will produce no such result. In fact the proposed annexation will bring about more regularity in the borough boundaries inasmuch as the land is presently surrounded on three sides by present territory of the borough.

Counsel for appellants rely upon the decision of this court in In re Annexation to Borough of Mt. Penn, 34 Berks 135. In the case cited Judge Shanaman ably discussed the procedure regulating appeals such as this, the procedure being set forth in the Act of May 18, 1933, P. L. 818, 53 PS §12900, and earlier statutes. In the Mt. Penn case the appeals were sustained and the ordinance declared void, the court stating at p. 140:

"That a borough annexing a township real estate development should not thereby leave the liability to maintain external boundary streets resting on the township would seem an ordinary rule of justice, which

should be enforced unless exceptional circumstances lead to a different conclusion."

Likewise, the case of In re Ordinance of the Borough of Mt. Joy, etc., 37 Lanc. 517, relating to an annexation ordinance of the Borough of Mt. Joy, could be classified as coming within the ruling of this court in the Mt. Penn case, supra, and being quite dissimilar insofar as the facts are concerned with the facts of the case now before us.

We are not unmindful of the problem facing the Township of Spring. We understand that it has just about attained the legislative qualifications required for becoming a first-class township. In fact, had not large portions of the borough previously been carved out of the township, it might long ago have become a first-class township. It has been well demonstrated in other counties that a first-class township government can give more efficient governmental facilities to its citizens at a smaller cost than can numerous borough municipalities in a similar area.

It does not appear, however, that the present annexation would deprive the Township of Spring of any citizens now residents of the township. As against the loss to the township of a small area of presently undeveloped land is presented the probability that if the annexation is permitted the land will be developed and this community will benefit by the erection of 89 new homes which will, in large measure, aid in alleviating the distress incident to the present shortage of housing facilities.

We come to the conclusion that the advantages of the annexation far exceed the losses and disadvantages to the Township of Spring and the School District of Spring Township. We are of the opinion that the ordinance is proper and valid.

In so doing we do not desire to indicate that this court favors the cutting up of township lands into

258

independent boroughs or the taking of township territory by adjacent boroughs. We are cognizant of the problems of the townships of this county and are in accord with the laudable desire of townships to attain the status of first-class townships with the resulting advantages of sound, economical local government.

And now, to wit, December 30, 1946, the appeals of the Township of Spring and of the School District of Spring Township are dismissed and the ordinance of annexation approved July 1, 1946, is adjudged proper and valid.